IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LYNN STOUT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:05-CV-1202-JOF |
| YEHUDA SMOLAR, individually, | : | |
| and SMOLAR, SAKAS & | : | |
| GOODHART, a professional | : | |
|  corporation, | : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion to compel [7], Plaintiff's motion

for default judgment [13], and Defendants' motion to reinstate defenses [19].

### I.    Background

On May 5, 2005, Plaintiff, Lynn Stout, filed suit against Defendants, Yuhuda Smolar

and Smolar, Sakas, & Goodhart, for various violations of the Fair Labor Standards Act

("FLSA") and breach of contract.  Defendants filed their answer on May 25.  Plaintiff filed his

initial disclosures on July 25.  Plaintiff filed a preliminary report and discovery schedule on

August 30, without the Defendants.  On October 11, 2005, this court approved Plaintiff's

preliminary report and discovery schedule and asked the Defendants to show cause by October

31, 2005 as to why default should not be entered for failure to file preliminary report.  Upon Plaintiff's motion, discovery was extended until December 26, 2005.   On December 23, Plaintiff filed a motion to compel discovery.   On January 5, 2006, this court struck Defendants' pleadings as Defendants had not shown cause as to why they failed to file a preliminary report and instructed Plaintiff to file a motion for default judgment.   On January 13, 2006, Defendants filed their initial disclosures and responded to Plaintiff's motion to compel.   Plaintiff filed a motion for default judgment on January 17, 2006.   On January 31, 2006, Defendants responded to Plaintiff's motion for default judgement and filed a motion to reinstate its defenses.

## II.   Discussion

### A.   Default Judgment / Motion to reinstate defense

At the beginning of this matter, Defendant Smolar took on the responsibility of representing himself in this case.  Defendants contend that Defendant Smolar spoke with a Mr. Sakas, another attorney, about the filing of the Joint Preliminary Report and Discovery Plan and that Defendant Smolar was under the impression, albeit mistakenly, that Mr. Sakas was handling the responsibility.  Due to a move, Mr. Sakas claims that while he did not remember the conversation, that matter "fell through the cracks."  With regard to the show cause order, Defendants contend that their failure to respond was either due to a computer malfunction or due to the fact that Ms. Rusinski, the office manager of Yuhuda Smolar, PC, misinterpreting the importance of the order and never gave it to Defendant Smolar.   Defendant Smolar

2

contends that he did not know of the show cause order until the court struck Defendants' pleadings on January 5, 2006. Thus, Defendants contend that they did not knowingly violate an order of the court.

Simply because default judgment is a drastic remedy and the court favors adjudicating cases on their merits, the court will allow a reinstatement of Defendants' defenses. Therefore, the court GRANTS Defendants' motion to reinstate defenses and DENIES Plaintiff's motion for Default Judgment. However, as the necessity for the motion for default judgment and a motion to reinstate Defendants' defenses was due to Defendants' errors, the court conditions the lifting of default and reinstating Defendants' defenses on Defendants paying Plaintiff's attorney's fees and costs associated with Plaintiff's motion for default judgment and Defendants' motion to reinstate defenses.

### B.    Motion to Compel

Defendants, with their response to Plaintiff's motion to compel, have provided more detailed answers to eight of the ten interrogatories to which Plaintiff sought answers in his motion to compel. As Plaintiff has not objected to Defendants' amended responses which purport to answer Plaintiff's interrogatories, the court deems such responses adequately to answer Plaintiff's interrogatories. Therefore, the only remaining matter with regard to these eight interrogatories relates to Plaintiff's request for attorney's fees associated with the motion to compel. Federal Rule of Civil Procedure 37 provides:

3

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4).

The fact that Plaintiff was actually employed by an entity other than the named Defendants leads this court to find substantial justification for Defendants' initial non-disclosure. Therefore, the court will not award attorney's fees pursuant to Plaintiff's motion to compel.

The final two points raised by Plaintiff in his motion to compel involve financial information of the Defendants. Specifically, in interrogatory 11, Plaintiff asked Defendants to "[p]lease state in detail the amount of defendant Yehuda Smolar's gross and net income for the years 2002, 2004, and 2004. Please identify any documents such as individual or business tax returns, that substantiate such income." In interrogatory 12, Plaintiff sought for Defendants to "[p]lease state in detail the amount of Yehuda Smolar, P.C.'s gross and net income for the years 2002, 2003, and 2004. Please identify any documents such as individual or business tax returns, that substantiate such income." Plaintiff has given the court no reason why this information is relevant to his FLSA claim. For the reasons stated above, the Court

4

DENIES Plaintiff's motion to compel with regard to interrogatories 11 and 12 and Plaintiff's request for attorney's fees.

## III.    Conclusion

The court DENIES Plaintiff's motion to compel [7], DENIES Plaintiff's motion for default judgment [13], and GRANTS Defendants' motion to reinstate defenses [19] conditioned upon the payment of Plaintiff's attorney's fees and costs associated with Plaintiff's motion for default judgment and Defendants' motion to reinstate defenses.

Plaintiff is DIRECTED to submit to Defendants his attorney's fees and costs associated with Plaintiff's motion for default judgment and Defendants' motion to reinstate defenses within ten (10) days of this order. The court expects that Plaintiff will ascertain the correct identity of the employer and will amend his complaint within twenty (20) days of this order. Finally, the parties are granted ninety (90) days from this order to complete discovery.

**IT IS SO ORDERED** this 31st day of May 2006.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)